<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
DANIEL E. HARP, JR.,            :
                                :  Civil Action No. 09-4832 (JBS)
              Plaintiff,        :
                                :
                                :
         v.                     :  OPINION
                                :
GEORGE W. HAYMAN, et al.,       :
                                :
              Defendants.       :
```

**APPEARANCES:**

>    DANIEL E. HARP, JR., Plaintiff <u>pro se</u>
>    #207336/190099B
>    South Woods State Prison
>    215 Burlington Road South
>    Bridgeton, New Jersey 08302

**SIMANDLE**, District Judge

     Plaintiff, Daniel E. Harp, Jr., a state inmate currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action <u>in forma pauperis</u>.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

     At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice at this time.

## I. BACKGROUND

Plaintiff, Daniel E. Harp, Jr. ("Harp"), brings this civil action, pursuant to 42 U.S.C. § 1983, against defendants George W. Hayman, Commissioner of the New Jersey Department of Corrections ("NJDOC") and Karen Balicki, Administrator of South Woods State Prison ("SWSP"). Harp seeks a clarification of proper calculation of his sentence based on his amended judgment of conviction. He contends that he should have an earlier parole eligibility date based on his amended judgment of conviction, thus giving him an opportunity to "max out" earlier, or in other words, be released from prison earlier. He also seeks $1 million in punitive damages.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss

2

any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to <u>sua</u> <u>sponte</u> screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See</u> <u>also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting

Twombly, 550 U.S. at 555), the Supreme Court identified two

working principles underlying the failure to state a claim

standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief." Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must

now allege "sufficient factual matter" to show that a claim is

facially plausible.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly.  Fowler, 578 F.3d at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the

_____

[2]  In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.   SECTION 1983 ACTIONS

Harp brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### III.  ANALYSIS

Harp brings this Complaint to clarify his sentence so that his sentence can be modified based on an alleged amended judgment of conviction, and allowing him to have an earlier parole eligibility date and to max out earlier on his fifty-year prison sentence than his previous judgment of conviction suggested. Specifically, Harp appears to contend that he should have an earlier parole eligibility date based on the alleged amended judgment, so that he can be released earlier.  He seems to dispute defendants' calculation of his release date to be in 2012.  Harp also seeks punitive damages in the amount of $1 billion dollars.

There is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause.  See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  See also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F. Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999). Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of

parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb.4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).  These cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995)(citations omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See Watson v. DiSabato, 933 F. Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

     The question remains what process is due.  The Supreme Court of New Jersey has stated that

> Only a few basic procedures are required to deal with the
> risks of erroneous or arbitrary determinations in this
> context.  We conclude that the process required is notice of
> the pendency of the parole disposition, a statement by the
> objecting judge or prosecutor of the reasons why the
> punitive aspects of the sentence have not been fulfilled,
> and the opportunity for the prisoner to respond in writing
> to that statement of reasons.  No hearing, confrontation, or
> counsel issues are implicated here.

Byrne, 93 N.J. at 211.

Similarly, Judge Thompson of this Court has held that due process does not require that a hearing be held in exact accordance with the time period specified by the applicable New Jersey statutes.  See Burgos v. New Jersey State Parole Board, 2000 WL 33722126, *8 (D.N.J. Aug.7, 2000).  In addition, while delay for an extended period of time may violate a prisoner's due process rights, "procedural errors are generally cured by holding a new hearing in compliance with due process requirements."  Id. at *8-9.  See also Johnson v. Paparozzi, 219 F. Supp.2d 635, 642 (D.N.J. 2002).

This is not to say that every allegation of constitutional violations in parole proceedings is the proper subject for an action under § 1983.  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a

state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, i.e., whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding). The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

11

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).

The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

Later, in Edwards v. Balisok, 510 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. 520 U.S. at 646-8. See also Benson v. New Jersey State Parole Board, 947 F. Supp. 827 (D.N.J. 1996). In Benson, petitioner sought both a writ of habeas corpus and declaratory

12

relief and punitive damages under § 1983 for allegations that he had been denied a timely parole hearing, and that his parole eligibility date had been miscalculated. _Id._ at 828. The Court held that a decision in Benson's favor would "necessarily entail a determination of Benson's proper initial parole eligibility date." _Id._ at 832. Further, the Court determined that Benson's suit was an attack on the duration of confinement because he sought to "correct" his parole eligibility records by way of declaratory judgment. _See id._ (citations omitted). Because Benson ultimately sought an earlier parole eligibility date, his claims were reviewable by habeas petition only. _See id._ (citation omitted).

Thus, when a dispute "goes only to the manner in which the Board has considered plaintiff's parole, and [when] plaintiff does not claim that the review process must actually lead to his parole or to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983." _Johnson v. Fauver_, 786 F. Supp. 442, 445 (D.N.J.)(emphasis added), _aff'd_, 970 F.2d 899 (3d Cir. 1992); _see also_ _Georgevich v. Strauss_, 772 F.2d 1078, 1086 (3d Cir. 1985), _cert. denied_, 475 U.S. 1028 (1986) (suit properly brought under § 1983 when it sought only the equal application of statutory furlough eligibility criteria, not plaintiff's release from incarceration); _Salaam v. Consovoy_, No. 99-cv-5692, 2000 WL 33679670, *2 (D.N.J. April 14, 2000)(a claim properly may be brought as a § 1983 action when the plaintiff is

neither seeking an earlier parole eligibility date, nor challenging the parole board's calculation of his eligibility date). However, where the dispute centers on the actual date for a parole eligibility hearing for the purpose of seeking earlier release from prison, the action is reviewable by habeas petition only.[3] Benson, 947 F. Supp. at 832.

Here, Harp complains that his parole eligibility date should be sooner than 2012 because of his alleged amended judgment. He specifically is seeking his earlier release from prison. To the extent that Harp argues that he is entitled to release from prison sooner than that allegedly represented by the defendants, this claim appears to be disputed by the facts. The internet site for the New Jersey Department of Corrections Offender Search shows that Harp's projected maximum release date is March 23, 2012, and that there is no applicable projected parole eligibility date. Thus, it would appear that defendants have determined that Harp is not eligible for parole or early release from prison. Therefore, if Harp is challenging defendant's decision denying a parole eligibility hearing, any such claim must be raised by way of a habeas corpus petition after

_____

[3] More recently, in Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court applied these principles to hold that claims challenging the validity of general parole procedures are cognizable under § 1983, so long as the prisoner does not seek injunctive relief ordering his immediate or speedier release into the community, but rather seeks merely a new eligibility review or parole hearing.

exhaustion of state remedies.[4]  See, e.g., Murphy v. Travis, 36
Fed. Appx. 679, 2002 WL 1283685 (2d Cir. June 10, 2002)(unpubl.,
text in Westlaw); Butterfield v. Bail, 120 F.3d 1023 (9th Cir.
1997); Burkett v. Love, 89 F.3d 135 (3d Cir. 1996); Schafer v.
Moore, 46 F.3d 43, 45 (8th Cir. 1995).

There is no allegation in the Complaint that Harp has
exhausted his state court remedies before proceeding with this
action in federal district court.  Therefore, Harp's claim
challenging denial of a parole eligibility hearing and seeking
his earlier release will be dismissed without prejudice to Harp
bringing such claim by way of a federal habeas petition after he
has exhausted his state court remedies.

Moreover, the action for damages is not cognizable pursuant
to Heck and Benson.  Any decision in Harp's favor would
necessarily entail a determination of Harp's parole eligibility
date, which there does not appear to be one.  See Benson at 832.
Therefore, the Complaint challenging defendant's calculation of
his release date and parole eligibility date, which seeks Harp's
earlier release from prison, as well as damages related thereto,
will be dismissed without prejudice to Harp bringing such claim
by way of a federal habeas petition after he has exhausted his
state court remedies.[5]

---

[4]  Because of the negative consequences that flow from the
filing of such a petition, this Court declines to construe the
Complaint as a habeas petition at this time.

[5]  It does not appear that Harp could cure the defects in
the Complaint by amendment at this time.  This Court expresses no

IV.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim at this time.   The Petitioner's claim challenging denial of a parole eligibility hearing, seeking his release, and for damages related thereto, will be dismissed without prejudice to petitioner bringing such claim by way of federal habeas petition after his exhaustion of his state court remedies.   An appropriate order follows.


_Jerome B. Simandle_
JEROME B. SIMANDLE
United States District Judge

Dated: June 18, 2010

---

opinion as to the merits of Plaintiff's claim.

16